**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA RODRIGUEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; HARLEY-DAVIDSON FINANCIAL SERVICES, INC., a Delaware corporation, <br><br> Defendant. | Case No.: 3:21-cv-01421-BEN-KSC <br><br> **ORDER GRANTING-IN-PART JOINT MOTIONS FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** <br><br> **[ECF Nos. 6, 7]** |

**I.   INTRODUCTION**

Plaintiff Joshua Rodriguez, an individual ("Plaintiff") brings this action against Defendants Equifax Information Services, LLC, a Georgia limited liability company ("Equifax"), and Harley-Davidson Financial Services, Inc., a Delaware corporation ("Harley") (collectively, "Defendants") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") as well as California's Consumer Credit Reporting Agencies Act, CAL. CIV. CODE §§ 1785.1 *et seq.* (the "CCRAA"). ECF No. 1 at 1-2, ¶ 1. Before the Court are the Joint Motions of (1) Plaintiff and Harley for Additional Time for Harley to Respond to the Complaint, ECF No. 6, and (2) Plaintiff and Equifax for Additional Time for Equifax to Respond to the Complaint, ECF No. 7. After considering

the papers submitted, supporting documentation, and applicable law, the Court **GRANTS-IN-PART** both Joint Motions.

## II.    BACKGROUND

### A.    Statement of Facts

Plaintiff alleges that in April 2017, he financed a Harley Davidson motorcycle with Jack Powell Chrysler Dodge Jeep Ram in Escondido, California. ECF No. 1 at 3, ¶ 10. In June 2018, he traded in the motorcycle for another vehicle. *Id.* at 3, ¶ 11. Plaintiff alleges that when he made the trade-in, the dealership offered to make the final payments on the motorcycle in exchange for his agreement to finance another vehicle from the dealership. *Id.* at 3, ¶ 12. However, the dealership failed to make the final payments in a timely manner. *Id.* at 4, ¶ 14. Eventually, the dealership made the final payments, which resulted in Plaintiff's account being closed and paid in full, but due to the untimely payments, Harley furnished false and inaccurate information to the credit reporting agencies that Plaintiff had failed to make the payments. *Id.* at 4, ¶¶ 19-21. Thus, in March 2021, Plaintiff alleges he submitted a written dispute to Equifax to dispute the late marks on his credit report. *Id.* at 6, ¶ 31. On April 16, 2021, however, Equifax responded that Harley had verified Plaintiff's payment history had been correctly reported. *Id.* at 6, ¶ 32.

### B.    Procedural History

On August 9, 2021, Plaintiff filed suit against Defendants, alleging six claims for relief, all of which alleged various violations of the FCRA and CCRAA. ECF No. 1. On August 18, 2021, Plaintiff served Harley, meaning Harley's deadline to respond to Plaintiff's Complaint was September 8, 2021. ECF No. 4; *see also* ECF No. 6 at 2, ¶¶ 1-3. On August 19, 2021, Plaintiff served Equifax, meaning Equifax's responsive pleading deadline was September 9, 2021. ECF No. 3; *see also* ECF No. 6 at 1, ¶¶ 1-2.

On September 9, 2021, Plaintiff and Harley filed a Stipulated Joint Motion extending the deadline for Harley to respond to Plaintiff's Complaint. ECF No. 6. That same day, Plaintiff and Equifax also filed a Stipulated Joint Motion seeking to extend Equifax's time to respond to Plaintiff's Complaint. ECF No. 7.

## III. LEGAL STANDARD

A defendant must file a responsive pleading within either (1) twenty-one days of being served with the summons and complaint or (2) sixty days after the request for a waiver was sent. FED. R. CIV. P. 12. Pursuant to the Local Rules, "[e]xtensions of time for answering, or moving to dismiss a complaint will only be secured by obtaining the approval of a judicial officer, who will base the decision on a showing of good case." S.D. Cal. Civ. R. 12.1. Thus, "[i]n the Southern District, court approval is required for *any* extension of time to answer or move to dismiss the complaint." Phillips, Virginia A., et al., *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial*, § 8:913 (The Rutter Group April 2020).

## IV. DISCUSSION

Plaintiff and Harley indicate they "are engaging in good faith settlement discussions in an effort to resolve the action without incurring unnecessary fees and costs." ECF No. 6 at 2, ¶ 4. Thus, Harley seeks a twenty-one (21) day extension of time to respond to the Complaint. *Id.* at 2, ¶ 5. Plaintiff and Equifax seek a twenty-eight (28) day extension of time for Equifax to respond so that Equifax's response will be due on October 7, 2021. ECF No. 7 at 1, ¶ 3. They indicate this additional time is needed to allow Equifax to investigate the case and permit the parties to engage in settlement discussions. *Id.*

Good cause exists for the requested extensions. The Court grants Harley a thirty-one (31) day extension, and Equifax a thirty (30) day extension so that both Defendants must file their responsive pleading on the same date.

## V. CONCLUSION

Finding good cause exists for the requested extensions, the Court **GRANTS-IN-PART** the Joint Motions. Both Defendants must file their responsive pleading by Monday, October 11, 2021. Good cause must support any further requests for extensions, and additional requests for extensions must be filed before the responsive pleading deadline.

**IT IS SO ORDERED.**

DATED:   September 13, 2021

**HON. ROGER T. BENITEZ**
United States District Judge